UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-61348-CIV-ROSENBAUM
(Consent Case)

ANDREW A. OSTROW,

    Plaintiff,

vs.

GLOBECAST AMERICA INCORPORATED,
a Delaware corporation,

    Defendant.
_____/

## OMNIBUS ORDER ON MOTIONS *IN LIMINE*

This matter comes before the Court upon Defendant GlobeCast America, Inc.'s Motion *in Limine* to Exclude Parol Evidence Consisting of Statements and Other Characterizations Regarding the Unambiguous Written Employment Agreement [D.E. 47]; Defendant's Unopposed Motion *in Limine* to Exclude Evidence of Settlement Negotiations Between the Parties [D.E. 48]; Defendant's Motion *in Limine* to Exclude the Agreement and General Release Between GlobeCast and Cathleen Togut and Communications in Which Settlement Was Discussed [D.E. 49]; Defendant's Motion *in Limine* to Exclude Evidence re: Alleged Discriminatory Treatment of Past GlobeCast Employees Other Than Plaintiff [D.E. 50]; and Defendant's Motion *in Limine* to Exclude Extrinsic Evidence of Defendant's Purported Past Practice of Severance Payments [D.E. 51]. The Court has reviewed each of Defendant's Motions *in Limine*, all filings in support thereof and in opposition thereto, and the record in this matter and is otherwise duly informed in the premises. After careful consideration, for the reasons set forth below, the Court now grants Defendant's Unopposed Motion *in Limine* to Exclude Evidence of Settlement Negotiations Between the Parties and Defendant's Motion *in Limine*

to Exclude Evidence re: Alleged Discriminatory Treatment of Past GlobeCast Employees Other Than Plaintiff, and denies Defendant's Motion *in Limine* to Exclude Parol Evidence Consisting of Statements and Other Characterizations Regarding the Unambiguous Written Employment Agreement and Defendant's Motion *in Limine* to Exclude Extrinsic Evidence of Defendant's Purported Past Practice of Severance Payments. The Court defers ruling at this time on Defendant's Motion *in Limine* to Exclude the Agreement and General Release Between GlobeCast and Cathleen Togut and Communications in Which Settlement Was Discussed.

## I. BACKGROUND

Plaintiff Andrew Ostrow ("Plaintiff" or "Ostrow") filed his complaint against his former employer, Defendant GlobeCast America, Inc. ("Defendant" or "GlobeCast"[1]), in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. *See* D.E. 1-1. The Complaint set forth a claim for age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") (Count I), and a claim for breach of contract (Count II).

GlobeCast filed its Motion for Summary Judgment, and on October 13, 2011, the Court granted in part and denied in part GlobeCast's motion. *See* D.E. 55. Following the Court's entry of its October 13, 2011, Order on GlobeCast's Motion for Summary Judgment, only portions of Ostrow's claim set forth in Count II of the Complaint remain. More specifically, Ostrow's claim that GlobeCast failed to comply with obligations under Ostrow's employment contract to make severance payments to Ostrow, and Ostrow's claim that GlobeCast wrongfully denied Ostrow bonus payments in 2008 and in the first half of 2009 survive GlobeCast's Motion for Summary Judgment. GlobeCast continues to dispute that Ostrow's employment agreement required GlobeCast to make severance

---

[1]The Court points out that "GlobeCast" in this Order refers only to GlobeCast America, Inc., not to any of the other GlobeCast companies around the world.

and bonus payments. The matter is set for trial beginning October 24, 2011.

In preparation for trial, GlobeCast filed five motions *in limine* that are the subject of this Omnibus Order. The Court considers each below.

## II. DISCUSSION

A.  **Defendant's Motion *in Limine* to Exclude Parol Evidence Consisting of Statements and Other Characterizations Regarding the Unambiguous Written Employment Agreement [D.E. 47] and Defendant's Motion *in Limine* to Exclude Extrinsic Evidence of Defendant's Purported Past Practice of Severance Payments [D.E. 51]**

In both of these motions, GlobeCast seeks to exclude evidence concerning the parties' alleged intentions and actual practices involving the severance provision contained within Ostrow's employment agreement. GlobeCast bases these motions on its position that the contractual language is clear and unambiguous, so in order to determine Ostrow's eligibility for a severance payment, the Court may not consider any evidence beyond the language contained within the four corners of Ostrow's employment agreement. More specifically, GlobeCast seeks to exclude testimony regarding the parties' intentions with respect to the severance payment provision contained in Ostrow's contract and GlobeCast's past practices as they pertain to the payment of severance to former GlobeCast employees with written contracts containing the same severance provision as Ostrow's employment agreement, when such employees' employment with GlobeCast ended following the natural expiration of their contractual terms of employment.

The Court has already considered GlobeCast's concerns in the context of ruling on GlobeCast's Motion for Summary Judgment. As the Court explained in its Order on GlobeCasts's Motion for Summary Judgment, the severance provision of Ostrow's employment agreement is ambiguous with regard to whether GlobeCast agreed to make a severance payment to Ostrow upon GlobeCast's decision not to continue Ostrow's employment (whether at will or under another

3

contract) following the expiration of the term of employment set forth in Ostrow's employment agreement. *See* D.E. 55 at 28-35. Thus, although where a contract's terms are "clear and unambiguous, the 'language itself is the best evidence of the parties' intent and its plain meaning controls . . . ,'" *Pearson v. Caterpillar Fin. Servs. Corp.*, 60 So. 3d 1168, 1171 (Fla. 4th DCA 2011) (quoting *Fecteau v. Se. Bank, N.A.*, 585 So. 2d 1005, 1007 (Fla. 4th DCA 1991)), here, where "'two reasonable interpretations' of a contract [exist]," *id.* (quoting *Fecteau*, 585 So. 2d at 1007), "'the issue of the proper interpretation is an issue of fact requiring the submission of evidence extrinsic to the contract bearing upon the intent of the parties.'" *Id.* (quoting *Fecteau*, 585 So. 2d at 1007 (quoting *Bacardi v. Bacardi*, 386 So. 2d 1201, 1203 (Fla. 3d DCA 1980))).

As a result, the categories of evidence that GlobeCast seeks to preclude are admissible to determine the factual issue regarding the otherwise-ambiguous meaning of the severance provision contained within Ostrow's employment agreement. In this respect, evidence concerning the parties' past practices and intentions — particularly those voiced by GlobeCast agents and officers empowered to make such representations at the times that contracts containing the severance provision were executed — satisfy the definition of "relevant evidence" set forth by Rule 401, Fed. R. Evid., because such evidence has a tendency to make Ostrow's position that the parties intended for him to obtain a severance payment either more or less probable. Moreover, the evidence plainly pertains to a fact of consequence to the determination of the action. *See* Fed. R. Evid. 401. For these reasons, Defendant's Motion *in Limine* to Exclude Parol Evidence Consisting of Statements and Other Characterizations Regarding the Unambiguous Written Employment Agreement [D.E. 47] and Defendant's Motion *in Limine* to Exclude Extrinsic Evidence of Defendant's Purported Past Practice of Severance Payments [D.E. 50] must be **DENIED**.

**B.     Defendant's Unopposed Motion *in Limine* to Exclude Evidence of Settlement Negotiations Between the Parties [D.E. 48]**

In Defendant's Unopposed Motion *in Limine* to Exclude Evidence of Settlement Negotiations Between the Parties, GlobeCast seeks to preclude Ostrow's use at trial of evidence regarding the parties' settlement negotiations, in accordance with Rule 408, Fed. R. Evid. Ostrow does not oppose the motion, and the Court finds that the law supports the entry of an order granting the motion. Accordingly, Defendant's Unopposed Motion *in Limine* to Exclude Evidence of Settlement Negotiations Between the Parties [D.E. 48] is **GRANTED**. The parties shall not seek to admit evidence pertaining to settlement negotiations between the parties for the purpose of proving liability for, invalidity of, or amount of a claim, or to impeach through a prior inconsistent statement or contradiction.

**C.     Defendant's Motion *in Limine* to Exclude Evidence re: Alleged Discriminatory Treatment of Past GlobeCast Employees Other Than Plaintiff [D.E. 50]**

In Defendant's Motion *in Limine* to Exclude Evidence re: Alleged Discriminatory Treatment of Past GlobeCast Employees Other Than Plaintiff, Defendant seeks an order "prohibiting Ostrow from presenting any evidence or documents regarding, questioning any witness regarding, or otherwise mentioning in the presence of the jury, any evidence at trial relating to alleged discriminatory treatment of past GlobeCast employees other than [Ostrow]." D.E. 50 at 1. Previously, in the Court's Order on Defendant's Motion for Summary Judgment [D.E. 55], the Court granted summary judgment for GlobeCast on Count I of Ostrow's Complaint. *See id.* Count I contained the only discrimination claim in Ostrow's law suit. Count II, which remains, contains only a breach-of-contract claim. As a result, evidence pertaining to GlobeCast's alleged discrimination against other employees is not even arguably relevant under Rule 401, as it is not likely to make the existence of a breach of contract, which depends on the meaning of the challenged contractual

provision, more or less probable. Indeed, Ostrow implicitly concedes the irrelevance of testimony relating to GlobeCast's alleged discriminatory practices with respect to other employees when he states that, in view of the present posture of the case, he does not intend to offer such evidence. Accordingly, Defendant's Motion *in Limine* to Exclude Evidence re: Alleged Discriminatory Treatment of Past GlobeCast Employees Other Than Plaintiff [D.E. 50] must be **DENIED**.

**D.     Defendant's Motion *in Limine* to Exclude the Agreement and General Release Between GlobeCast and Cathleen Togut and Communications in Which Settlement Was Discussed [D.E. 49]**

Finally, the Court defers ruling on Defendant's Motion *in Limine* to Exclude the Agreement and General Release Between GlobeCast and Cathleen Togut and Communications in Which Settlement Was Discussed. Cathleen Togut ("Togut"), GlobeCast's former Vice President of Human Resources, had an employment contract with GlobeCast that contained the same severance provision as Ostrow's. When her employment agreement expired on December 31, 2009, GlobeCast decided not to renew the contract and to terminate Togut's employment. Among other claims, Togut demanded a severance payment pursuant to her employment agreement. Although GlobeCast denied that Togut was entitled to a severance payment, Togut did not file a lawsuit. Ultimately, however, GlobeCast and Togut negotiated a confidential settlement agreement relating, in part, to her claim for severance pay. Through its Motion *in Limine*, GlobeCast seeks under Rule 408, Fed. R. Evid., and, alternatively, in accordance with Rule 403, Fed. R. Evid., to prevent Ostrow from introducing evidence relating to these events and the resulting settlement.

In evaluating GlobeCast's motion, the Court begins with Rule 408, Fed. R. Evid. Rule 408 provides, in relevant part,

> (a)     **Prohibited uses**. — Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was

> disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
>
> (1) furnishing or offering or promising to furnish — or accepting or offering or promising to accept — a valuable consideration in compromising or attempting to compromise the claim; and
>
> (2) conduct or statements made in compromise negotiations regarding the claim . . . .

Fed. R. Evid. 408. According to Eleventh Circuit precedent, Rule 408 prohibits the admissibility of evidence relating to settlement negotiations only where a "'compromise' within the meaning of Rule 408" occurs. *Dallis v. Aetna Life Ins. Co.*, 763 F.2d 1303, 1307 (11th Cir. 1985). Such a "compromise" happens only where "an actual dispute, or at least an apparent difference of opinion between the parties, as to the validity of a claim" exists. *Id.* (citation omitted).

In *Dallis*, for example, the district court admitted evidence on behalf of the plaintiff, who had sued his insurer to recover the costs of treatment for his wife, that the insurer had paid a similar claim to a different insured in another state. On appeal, the defendant insurer challenged the district court's ruling under Rule 408. The Eleventh Circuit upheld the district court, concluding that no "compromise" had occurred under Rule 408 with regard to the insurer's payment of the other insured's claim because the record contained no evidence that the insurer had ever disputed the validity or the amount of the other insured's payment.

Applying *Dallis*'s rule to the pending case, the Court cannot conclude that no compromise occurred with respect to Togut's claim for severance payment. Based on GlobeCast's uncontested proffer within its Motion *in Limine*, although Togut never sued, GlobeCast did dispute payment of the severance, at least initially. This fact distinguishes the pending matter from *Dallis*, where the insurer had never suggested that the third-party insured was not entitled to payment and instead

simply paid the claim. As a result, Rule 408's "compromise" requirement does not make GlobeCast ineligible for Rule 408's protections.

That circumstance, however, does not end the inquiry. Eleventh Circuit precedent raises the prospect that a different part of Rule 408 may prevent GlobeCast from being able to invoke the rule's protections successfully. In this regard, in *Dallis*, the Eleventh Circuit expressly left open the question of whether Rule 408 bars evidence of a settlement between one of the parties and a third party when such settlement involves similar circumstances to, but does not arise out of, the transaction with which the litigation is concerned. *Dallis*, 768 F.2d at 1307 n.2; *see also Wajcman v. Inv. Corp. of Palm Beach*, 2009 WL 465071, *1 (S.D. Fla. Feb. 23, 2009). Nevertheless, the court noted that applying Rule 408 in such a way would require the court to "extend" the rule. *Dallis*, 768 F.2d at 1307. Thus, the Court must consider whether Rule 408 applies where evidence of settlement of a prior claim pertains to a claim different from that at issue in the case being litigated.

Traditionally, courts have construed Rule 408 to exclude "evidence of settlement and settlement offers only where the evidence is offered to prove liability for or invalidity [or amount] *of the claim under negotiation*." See Armstrong v. HRB Royalty, Inc., 392 F. Supp. 2d 1302, 1304 (S.D. Ala. 2005) (quoting *Vulcan Hart Corp. v. Nat'l Labor Relations Bd.*, 718 F.2d 269, 277 (8th Cir. 1983)) (emphasis added by *Armstrong* Court) (quotation marks omitted).[2] These courts have based their construction of Rule 408 in part on the language of the rule, which refers first to "a

---

[2]*Armstrong* further cites the following cases in support of its conclusion that Rule 408 applies only when the evidence offered pertains to the claim that is the subject of the litigation: *Uforma/Shelby Bus. Forms, Inc. v. Nat'l Labor Relations Bd.*, 111 F.3d 1284, 1293-94 (6th Cir. 1997); *Broadcort Capital Corp. v. Summa Med. Corp.*, 972 F.2d 1183, 1194 (10th Cir. 1992); *Bradbury v. Philips Petroleum Co.*, 815 F.2d 1356, 1363 (10th Cir. 1987); *Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 689 (7th Cir. 2005); *Fiberglass Insulators, Inc. v. Dupuy*, 856 F.2d 652, 655 (4th Cir. 1988)).

claim," and later to "the claim." *See, e.g.*, *Armstrong*, 392 F. Supp. 2d at 1304.  In other words, use of the phrase "the claim" limits the rule's application to the same claim as first anticipated by use of the phrase "a claim."  And the phrase "when offered to prove liability for, invalidity of, or amount of" qualifies the term "a claim," requiring that term to refer only to the claim under litigation in the pending case.  Thus, courts have concluded that "Rule 408 unambiguously requires that the claim as to which a settlement offer was made and the claim at issue in the litigation in which the offer is proffered as evidence must be the same claim." *Armstrong*, 392 F. Supp. 2d at 1304-05.

Nevertheless, some courts have construed Rule 408 to allow for exclusion of evidence pertaining to more than one claim where the claim to which the proffered evidence relates and the claim being litigated arose out of a single event, sometimes referred to as the "same transaction" theory. *See Armstrong*, 392 F. Supp. 2d at 1306 (citing Jack B. Weinstein, Margaret A. Berger & Joseph M. McLaughlin, 2 *Weinstein's Evidence* ¶ 408[04] at 408-30 (1996)); *see also Branch v. Fid. & Cas.*, 783 F.2d 1289, 1294 (5th Cir. 1986); *McInnis v. A.M.F., Inc.*, 765 F.2d 240, 246-48 (1st Cir. 1985); *United States v. Contra Costa Cnty. Water Dist.*, 678 F.2d 90, 91-92 (9th Cir. 1982).  But "the farthest known expansion of Rule 408" occurred in *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356 (10th Cir. 1987).  *Armstrong*, 392 F. Supp. 2d at 1307.

In *Bradbury*, during the defendant's undertaking of a single uranium exploration project, it trespassed on or damaged the property of nine property owners in eight separate incidents, and it settled with some of the affected property owners.  The plaintiffs in *Bradbury* sought to introduce evidence relating to the settlement of some of the other claims, and the Tenth Circuit concluded that the prior claims were sufficiently related, "inasmuch as they arose in the course of the same large scale uranium exploration project, and because they [were] similar enough to the claim sued upon . . . to be relevant." *Bradbury*, 815 F.2d at 1363.  Based on this determination, as well as on Rule

408's "strong policy interest in encouraging the settlement of disputes without resort to litigation," the Tenth Circuit held that Rule 408 applied in the circumstances that occurred in *Bradbury*. *Id.*

Without opining on the correctness of *Bradbury*, the Court nonetheless notes that applying Rule 408 in the instant matter would require an extension even of *Bradbury*. Whereas the settlements and the claim at issue in *Bradbury* all arose out of a single uranium-exploration project, the Togut settlement and Ostrow's breach-of-contract claim in this case stem from two distinctly separate and unrelated legal transactions: an employment contract with Togut and a separate employment agreement with Ostrow. Consequently, GlobeCast's Motion *in Limine* as it seeks to exclude the Togut settlement under Rule 408 must be denied. As the *Armstrong* Court opined, "Rule 408's policy of encouraging settlements is necessarily in tension with the policy behind Rule 402 of placing relevant evidence before the factfinder. Nothing would be less surprising than to learn that the 'same claim' requirement of Rule 408 represents a deliberate balancing of those conflicting goals." *Armstrong*, 392 F. Supp. 2d at 1309.

Nor does GlobeCast's effort to rely on the 1972 Advisory Committee Notes to Rule 408 change the equation. *See* D.E. 49 at 2-3. As GlobeCast notes, the 1972 Advisory Committee Notes to Rule 408 state, in pertinent part,

> While the rule is ordinarily phrased in terms of offers of compromise, it is apparent that a similar attitude must be taken with respect to completed compromises when offered against a party thereto. This latter situation will not, of course, ordinarily occur except when a party to the present litigation has compromised with a third person.

1972 Advisory Committee Notes to Fed. R. Evid. 408. Based on the language of Rule 408, as well as the numerous cases that have considered the application of Rule 408, the Court concludes that the second sentence of the quotation above from Rule 408 refers to the situation where the settled claim and the claim being litigated arise out of the same event, although they involve different parties, such

as where a single accident injures several people who otherwise have no relationship to each other, and the victims pursue their claims separately. GlobeCast has directed the Court to no case justifying the broad construction of Rule 408 that it urges, based solely on the quoted language above, even though the quoted language can just as fairly be construed as limited to circumstances where a single event causes damages to multiple victims. The Court has similarly not found any opinion to support GlobeCast's urged construction. As a result, the Court finds that Rule 408 does not preclude use of the Togut settlement.

The Court therefore turns to GlobeCast's alternative proposed basis for excluding evidence relating to the Togut settlement: Rule 403. Under Rule 403, a court may exclude relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The Eleventh Circuit has emphasized repeatedly that courts should use Rule 403 to exclude evidence only "very sparingly." *See, e.g., Wilson v. Attaway*, 757 F.2d 1227, 1242 (11th Cir. 1985); *Luka v. City of Orlando*, 382 F. App'x 840, 841 (11th Cir. 2010); *Tambourine Comercio Internacional v. Solowsky*, 312 F. App'x 263, 287 (11th Cir. 2009). Moreover, in determining whether evidence should be excluded under Rule 403, courts must "look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its prejudicial impact." *Luka*, 382 F. App'x at 841 (quoting *United States v. Brown*, 441 F.3d 1330, 1362 (11th Cir. 2006)) (quotation marks omitted); *see also Tambourine Comercio Internacional*, 312 F. App'x at 287 (quoting *United States v. Elkins*, 885 F.2d 775, 784 (11th Cir. 1989). Indeed, analysis under Rule 403 requires that "[t]he balance . . . be struck in favor of admissibility." *Tambourine Comercio Internacional*, 312 F. App'x at 287 (quoting *United States v. Tinoco*, 304 F.2d 1088, 1120 (11th Cir. 2002) (citation omitted)) (quotation marks omitted).

Nonetheless, district courts enjoy "wide discretion" in determining whether to exclude evidence under Rule 403. *Wilson*, 757 F.2d at 1242 (citations omitted).

Here, GlobeCast argues first that evidence relating to the Togut settlement "is devoid of any probative value." D.E. 49 at 4. If this, in fact, is the case, such evidence would not be admissible under Rule 402, Fed. R. Evid., as Rule 402 makes evidence that is not relevant inadmissible. *See* Fed. R. Evid. 402. Rule 401, Fed. R. Evid., in turn, defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In support of its contention that the evidence regarding the Togut settlement is not relevant, GlobeCast emphasizes that "the issue[] in this case [is] whether *Plaintiff*, not Ms. Togut, . . . is entitled to severance and bonus payments under the 2008 Employment Agreement." D.E. 49 at 4 (emphasis in original). While the Court recognizes that the case regards Ostrow's alleged entitlement to severance and bonus payments under Ostrow's employment agreement, based on the parties' submissions to date, it appears that Togut's employment agreement covering the same period as Ostrow's 2008-2009 employment agreement contained the same severance provision. To the extent that evidence regarding Togut's settlement would bear on GlobeCast's intentions in entering the 2008-2009 employment agreements containing the severance payment provision included in Ostrow's contract, such evidence would be relevant, as it would make it more or less probable that GlobeCast intended the severance provision to require payment of severance upon the natural expiration of an employment term where the employee's employment was terminated. As a result, the Court cannot find necessarily that evidence relating to the Togut settlement is irrelevant and devoid of probative value.

On the other hand, to the extent that the Togut settlement evidence might reveal only that

GlobeCast settled Togut's claim without shedding light on any of the reasons why — or even while expressly disclaiming liability, such evidence would not appear to be relevant, as claims may be settled for any number of reasons, some of which may not relate to the merit of the claim. Because the Court has not yet heard the evidence that Ostrow might offer, the Court cannot at this time ascertain whether the Togut evidence might be relevant. Moreover, for the same reasons, even assuming *arguendo* that the evidence has some probative value, the Court cannot now engage in the balancing test contemplated by Rule 403 to determine whether any prejudicial effect of the evidence might outweigh its probative value.

Consequently, the Court must defer ruling on Defendant's Motion *in Limine* to Exclude the Agreement and General Release Between GlobeCast and Cathleen Togut and Communications in Which Settlement Was Discussed [D.E. 49] until such time as the parties proffer the proposed evidence to the Court for the Court to consider. ***The Court will hear Plaintiff's proffer regarding the content of the evidence relating to the Togut settlement during the Pretrial Conference set for this Friday, October 21, 2011***.

### III.  CONCLUSION

For the foregoing reasons, Defendant's Unopposed Motion *in Limine* to Exclude Evidence of Settlement Negotiations Between the Parties [D.E. 48] and Defendant's Motion *in Limine* to Exclude Evidence re: Alleged Discriminatory Treatment of Past GlobeCast Employees Other Than Plaintiff [D.E. 50] are **GRANTED**; Defendant's Motion *in Limine* to Exclude Parol Evidence Consisting of Statements and Other Characterizations Regarding the Unambiguous Written Employment Agreement [D.E. 47] and Defendant's Motion *in Limine* to Exclude Extrinsic Evidence of Defendant's Purported Past Practice of Severance Payments [D.E. 51] are **DENIED**; and the Court defers ruling at this time on Defendant's Motion *in Limine* to Exclude the Agreement and

General Release Between GlobeCast and Cathleen Togut and Communications in Which Settlement Was Discussed [D.E. 49]. **During the Pretrial Conference on Friday, October 21, 2011, Plaintiff shall be prepared to present his proffer regarding the content of evidence relating to the Togut settlement that he may seek to introduce**.

**DONE AND ORDERED** this 18th day of October 2011.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Counsel of Record